[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16257
Non-Argument Calendar

_____

D. C. Docket No. 06-01379-CV-1-KOB-JEO

OKEY GARRY OKPALA,

Plaintiff-Appellant,

versus

D. B. DREW, Warden, Federal
Correctional Institution,
Talladega, Alabama,
FEDERAL CORRECTIONAL INSTITUTION,
TALLADEGA, ALABAMA,
FEDERAL BUREAU OF PRISONS,
ASSOCIATE WARDEN M. M. MITCHELL,
C. RATLEDGE, Unit Manager, Delta
Unit, FCI, Talladega, Alabama,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 24, 2007)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Okey Garry Okpala, a federal prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his Bivens[1] action for failure to exhaust administrative remedies and failure to state a claim. After careful review of the record and Okpala's brief, we affirm.

A civil complaint filed by a prisoner seeking redress from a government entity, officer or employee is screened by the district court, pursuant to 28 U.S.C. § 1915A. That section provides that the court shall dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). We review de novo the district court's sua sponte dismissal under § 1915A(b). Leal v. Georgia Dept. of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001).

Section 1997e of Title 42, United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), provides the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

_____

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to the three-tier system of administrative remedies provided by 28 C.F.R. §§ 542.10, 542.11-542.16, and the BOP Program Statement 1330.7, in order to exhaust administrative remedies, Okpala was required first to file a written complaint with the warden on form BP-9; he then was required to appeal the Warden's decision to the BOP regional director on form BP-10; finally, Okpala was required to appeal to the BOP general counsel on form BP-11. It is undisputed that prior to filing his action in district court, Okpala had not received a decision on his form BP-11.[2]

On this record, the district court did not err by dismissing the complaint, pursuant to § 1915A, because Okpala's failure to exhaust administrative remedies -- an affirmative defense -- was clear from the face of the complaint. Cf. Jones v. Bock, 127 S. Ct. 910, 920-21 (2007) (holding that the PLRA's exhaustion requirement is an affirmative defense, but reiterating that under § 1915A(b), the normal pleading rules remain unchanged, and thus, "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim

---

[2]We are unpersuaded by Okpala's argument that his exhaustion of remedies after he filed this appeal mandates reversal. It is well-settled that the PLRA requires prisoners to exhaust administrative remedies before filing suit with respect to prison conditions. 42 U.S.C. § 1997e(a); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (recognizing that "[t]he plain language of [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court").

depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.")  Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint.  Cf. id. at 920-21 (noting that under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed if an affirmative defense, such as the statute of limitations or official immunity, appears on the face of the complaint).

**AFFIRMED.**